**In re CHARLESBANK LAUNDRY, INC., Debtor.**

**Shepard A. SPUNT et al., Plaintiffs,**

v.

**CHARLESBANK LAUNDRY, INC. and John F. Desmond, Trustee, Defendants.**

**Civ. A. No. 83-2680-G.**

United States District Court, D. Massachusetts.

Jan. 12, 1984.

Stuart DeBard, Weston, Patrick, Willard & Redding, Boston, Mass., for plaintiffs.

Janice L. Burnham, Moulton, Looney & Grossman, John F. Desmond, Trustee, Ber-

nard P. Rome, Wasserman & Salter, Henry Friedman, and U.S. Trustee, Boston, Mass., for defendants.

## MEMORANDUM OF DECISION AFFIRMING ORDER OF BANKRUPTCY COURT

GARRITY, District Judge.

This action is presently before the court on an appeal from an order of the Bankruptcy Court denying appellants' motion for administrative expenses.

On or about February, 1983 a Consent Final Judgment was entered in the Middlesex Superior Court settling the claims brought in 1976 by appellants against the debtor-appellee. Appellants had instituted proceedings before the Cambridge Board of Appeal and the Middlesex Superior Court seeking to enjoin the debtor from committing a public and private nuisance. The Consent Final Judgment required the debtor to terminate its business operations within six months. It also ordered the debtor to pay appellants "a compensatory fine assessed civilly for violation of the temporary injunction herein of $16,283.85, being $4,752.95 due for legal services and disbursements prior to December 11, 1980 (the date [debtor] filed its petition for reorganization) and the balance of $11,530.90 for services and disbursements after that date forthwith." Appellants claim that the portion of the civil fine allocated by the court for post-filing legal expenses—$11,530.90— is an administrative expense.

The Bankruptcy Code provides for the award of administrative expenses in § 503. Subsections (b)(1)(A), (b)(3)(C) and (b)(3)(D), on which appellants rely, are clearly inapplicable, however. Subsection (b)(1)(A) covers actual and necessary expenses such as wages, salaries, commissions for services and related payments which must be made so that the debtor's business may continue to operate. Appellants' alleged administrative expenses have been incurred as a result of legal proceedings which were aimed at putting the debtor out of business. Subsection (b)(3)(C) covers actual and necessary expenses in connection with the prosecution of a criminal offense relating to the debtor's business. The proceedings which appellants initiated were civil in nature. Finally, subsection (b)(3)(D) covers actual and necessary expenses of a creditor in making a substantial contribution in a case under Chapter 11. The Bankruptcy Court concluded that appellants made no such contribution. This finding is not erroneous.

Perhaps recognizing the weakness of their statutory arguments, appellants relied primarily on a continuing tort theory to support their appeal during oral argument.[1] We are not persuaded. Appellants have cited no cases equating a civil penalty for the violation of a temporary restraining order with a tort, *Reading Co. v. Brown,* 1968, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751, or a breach of contract, *Cramer v. Mammoth Mart,* 1 Cir.1976, 536 F.2d 950, for purposes of awarding administrative expenses.[2] As the court noted in *Mammoth Mart,* "the tneme of the Bankruptcy Act is 'equality of distribution.' 'If one claimant is to be preferred over others, the purpose should be clear from the statute.'" *Id.* at 953 (citations omitted). Moreover, we are reluctant to circumvent the common-law rule that attorneys' fees do not qualify as recoverable damages in tort and contract actions in the absence of specific statutory authorization. *Harrison v. Textron, Inc.,* 1975, 367 Mass. 540, 544–45, 328 N.E.2d 838 (attorneys' fees non-compensable element

---

1. Apart from citing *Reading Co. v. Brown,* 1968, 391 U.S. 371, 88 S.Ct. 1759, 20 L.Ed.2d 751, in oral argument, appellants did not raise their continuing tort theory before the Bankruptcy Court. We nevertheless consider it here. 4 C.J.S. Appeal and Error § 242.

2. Indeed the files in this case do not even contain a copy of the pertinent temporary restraining order.

of damages in nuisance action). Subsection (b)(4) of § 503 authorizes the awarding of attorneys' fees as administrative expenses when incurred by an entity whose expense is covered by subsection 503(b)(3), but this, we have already ruled, is not such a case. Appellants have not overcome the common-law rule as it applies to their continuing tort theory.

Finally, Congress has substantially re-drafted the statute covering administrative expenses since the decisions in the *Reading* and *Mammoth Mart* cases. The new statute contains no reference to the type of tort and contract recoveries allowed in those cases and it is therefore unclear whether Congress meant to cover such situations. To give priority to a claimant not clearly entitled thereto would dilute the value of priority for those creditors Congress clearly intended to prefer. *Mammoth Mart, supra* at 953.

For the foregoing reasons, the order of the Bankruptcy Court is affirmed.